UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| VINCENT NORFUL #265657, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-167 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| STATE OF MICHIGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | **OPINION** |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial

partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321

(1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if

the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C.

§§ 1915(e)(2), 1915A.  The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v.*

*Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true,

unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33, 112

S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for

failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF).  In his *pro se* complaint, he sues Defendants State of Michigan, Governor Jennifer M. Granholm, and MDOC Director Patricia Caruso.  Plaintiff claims that he has not been provided with adequate security and has been exposed to Hepatitis C contaminated urine and feces by government employees.  For relief, Plaintiff requests damages and equitable relief.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement sua sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims of are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff states that he filed a Step III grievance. However, Plaintiff fails to attach copies of his grievances or the responses. Nor does Plaintiff specify which defendants, if any, were named in the grievance. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d

at 642.  Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See* Policy Directive 03.02.130, ¶¶ G-3, T, V.  The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997).  Accordingly, the Court may dismiss his action without prejudice.

However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).  Because Plaintiff's complaint fails to state a claim upon

- 4 -

which relief may be granted, the court will dismiss the complaint with prejudice without first requiring plaintiff to exhaust any available administrative remedies.

III.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Under *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989), a suit against a state, a state agency, or a state official in his official capacity, is not a suit against a "person" under Section 1983. *Id.* Thus, such entities are not subject to suit under 42 U.S.C. § 1983. In addition, it is well established that the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3058 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts.

- 5 -

*See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  The Eleventh Amendment therefore bars
Plaintiff's claims against Defendant State of Michigan.

Moreover, the court notes that liability under Section 1983 must be based on more
than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981);
*Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983
liability cannot be premised upon mere allegations of *respondeat superior. Monell*, 436 U.S. at 691;
*Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the
party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the
allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th
Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert.
denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*
469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if
plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and
that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891
F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a
supervisor to supervise, control or train the offending employee is not actionable absent a showing
that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some
other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim
requires, at a minimum, that the official had knowledge of the offending employee's conduct at a
time when the conduct could be prevented, or that such conduct was otherwise foreseeable or
predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must

show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Granholm and Caruso were personally involved in the activity which forms the basis of his claims.  Defendants Granholm's and Caruso's only roles in this action involve the denial of administrative grievances or the failure to act. Defendants Granholm and Caruso cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Granholm and Caruso are properly dismissed for lack of personal involvement.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the $255 appellate filing fee in one lump sum.

   This is a dismissal as described by 28 U.S.C. § 1915(g).

   A judgment consistent with this opinion will be entered.


Dated:  September 19, 2005        _____/s/ Gordon J. Quist_____
              GORDON J. QUIST
            UNITED STATES DISTRICT JUDGE